Denis MARINGO, Plaintiff–Appellant

v.

WARDEN, CORRECTIONS CORPORA-
TION OF AMERICA, (CCA); Correc-
tions Corporation of America Houston
Detention Center; James Healthman,
Corrections Corporation of America
Houston Processing Center; Edwin
Barnes, Deportation Officer; Jeff
Francis, Corrections Corporation of
America Chief of Security; Ms Ponds,
Corrections Corporation of America
Grievance Officer; D Stubblefield,
Corrections Corporation of America
Library Officer; E Baker, Corrections
Corporation of America Library Offi-
cer/Supervisor, Defendants–Appellees.

No. 07–20639
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 19, 2008.

Denis Maringo, Houston, TX, for Plain-
tiff–Appellant.

Before WIENER, GARZA, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Denis Maringo, alien
detainee # A79483831, appeals from the
district court's dismissal of his pro se suit
for failure to state a claim upon which
relief may be granted. His complaint al-
leged that he is disabled because he is

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"semi-legally blind" and that the defendants violated the Americans with Disabilities Act (ADA) and his right of access to the courts by failing to provide him with equipment in the law library that would accommodate his eye condition.

■ Regarding his claims under the ADA, he argues that the district court erred in imposing an excessive burden of proof on him and in determining that the Corrections Corporation of America detention facility in Houston, Texas was not covered by Title II or Title III of the ADA. His arguments are unavailing because Title II and Title III of the ADA are not applicable to any of the defendants in this case. *See* 42 U.S.C. §§ 12131(1), 12181(7).

■ Regarding his claim of denial of access to the courts, he challenges the district court's determination that he failed to allege actual prejudice. He does not dispute the district court's finding that he has filed at least 10 federal actions in the district court, and, moreover, his complaint did not allege actual injury with respect to court filings. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana,* 122 F.3d 286, 290 (5th Cir.1997).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.